IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY WIGENTON (TDCJ No. 1918606), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-1313-P-BN |
| OFFICER DIXON and NURSE CHARISH | § § § § | |
| Defendants. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND GRANTING LEAVE TO AMEND THE COMPLAINT**

On November 20, 2014, United States Magistrate Judge David L. Horan entered findings, conclusions, and a recommendation in this case. *See* Dkt. No. 20. No objections were filed. On December 10, 2014, however, Plaintiff Larry Wigenton filed an amended complaint. *See* Dkt. No. 21.

The magistrate judge recommended that Plaintiff's claims against Parkland Hospital, Assistant Dallas County Public Defender Pamela Segura-Muhammad, and the Dallas County Sheriff's Department as an entity be summarily dismissed, but that Plaintiff's claim against Officer Dixon at the Dallas County Jail be allowed to proceed as a claim of deliberate indifference under the Eighth Amendment. *See generally* Dkt. No. 20. Plaintiff's amended complaint, filed without first seeking leave of Court, is aimed at Officer Dixon and Nurse Charish at the Dallas County Jail. *See generally* Dkt. No. 21. While the amended complaint adds to the allegations

expressed in the original complaint and Plaintiff's responses to the Court's questionnaires [Dkt. Nos. 15 & 19], the claims therein are not necessarily inconsistent with Plaintiff's previous allegations.

Specifically as to Nurse Charish, although she is mentioned in the original complaint, she was not named as a defendant, and none of the facts alleged in the original complaint could be interpreted as stating a constitutional claim against her. Plaintiff now alleges, among other things, that she (and Officer Dixon) "left [him] laying on the floor for several hours, unable to move, until the next shift [came] on duty. It was only then that an ambulance was called for and the Plaintiff was rushed to Parkland Hospital." Dkt. No. 21 at 3. Based at least on this allegation, it appears that Plaintiff has stated a claim for deliberate indifference that survives initial screening against Nurse Charish.

As this Court has noted, "a delay in medical care is a constitutional violation[, and will survive screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A,] if there has been deliberate indifference which results in substantial harm[.]" *Ellis v. Phillips*, No. 3:12–CV–1117–B–BH, 2012 WL 1969956, at *3 (N.D. Tex. Apr. 23, 2012) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)); *see also Williams v. Certain Individual Employees of Tex. Dep't of Crim. Justice – Inst'l Div. at Jester III Unit, Richmond, Tex.*, 480 F. App'x 251, 257 (5th Cir. Aug. 6, 2010) (per curiam) (district court erred in dismissing claim against duty nurse based on "delay of almost 16 hours in receiving pain medications"); *see also id.* ("[S]evere pain caused by the refusal to immediately treat pain can support a claim of deliberate

indifference grounded in delayed treatment." (citing *Harris v. Hegmann*, 198 F.3d 153, 159-60 (5th Cir. 1999); *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (in which the Tenth Circuit noted, "We have held that the substantial harm requirement may be satisfied by ... considerable pain.")).

Accordingly, the District Court, having reviewed the proposed findings, conclusions, and recommendation for plain error and finding none, ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

The Court liberally construes Plaintiff's amended complaint [Dkt. No. 21] as a motion for leave to amend the complaint and GRANTS Plaintiff leave to amend. *See* FED. R. CIV. P. 15(a)(2). The Clerk is requested to docket document number 21 as the amended (and now operative) complaint in this action. The deliberate indifference claims against Officer Dixon and Nurse Charish, as stated in the amended complaint, shall proceed, these two defendants shall be served by the United States Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3), and the style of this action is modified, as shown in the caption above, to reflect the amended complaint.

SO ORDERED this 9th day of January, 2015.

*[signature]*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE